

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Daniel Turinsky
Daniel.Turinsky@dlapiper.com
T  212.335.4566
F  917.778.8631

April 16, 2025
*Via* ECF

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:  Daniel Schapira v. NetBase Solutions, Inc. d/b/a Quid
     Civil Action No. 1:25-CV-01730 (MMG)

Dear Judge Garnett:

We represent defendant NetBase Solutions, Inc. ("Defendant").  Pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 37.2, as modified by the Court's individual practices, we write to request that the Court enter an order staying discovery until the Court has decided Defendant's pending motion to dismiss the Amended Complaint of Plaintiff Daniel Schapira ("Plaintiff").

The motion to dismiss raises substantial arguments for dismissal.  A stay of discovery is warranted to avoid burden and expense that would be rendered unnecessary if the motion is granted.  In contrast, a stay would not unfairly prejudice Plaintiff.

The parties discussed this matter during a telephone conference via Microsoft Teams on April 15, 2025 at 10am for approximately five minutes.  The attorneys present for the conference were Daniel Turinsky and Ivan Bohorquez (counsel for Defendant) and Amy Robinson (counsel for Plaintiff).  The parties' efforts to resolve the issue without the need for a motion were unsuccessful.

By way of background, Plaintiff filed his Amended Complaint on March 4, 2025, asserting two claims against Defendant for (i) retaliation in violation of New York Labor Law ("NYLL") § 740 and (ii) breach of the implied covenant of good faith and fair dealing based on the theory that Defendant purportedly terminated Plaintiff's employment to avoid paying him a discretionary bonus that he had no entitlement to receive. [ECF No. 8].  On April 9, 2025, Defendant filed its motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). [ECF Nos. 14, 15].  Plaintiff must respond to the motion by April 23, 2025 (unless Plaintiff amends his Amended Complaint in response).

Although a motion to dismiss does not automatically stay discovery, the "court has 'considerable discretion' to determine whether a motion to dismiss constitutes good cause for a



Hon. Margaret M. Garnett
April 16, 2025
Page Two

stay of discovery under Rule 26(c)." *Brandon v. Sensio, Inc.*, 2024 U.S. Dist. LEXIS 232589, at *4-*5 (S.D.N.Y. Dec. 19, 2024). "In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *3 (S.D.N.Y. Sept. 1, 2009). Courts also consider "'the risk of unfair prejudice to the party opposing the stay.'" *HAHA Global, Inc. v. Barclays*, 2020 U.S. Dist. LEXIS 29637, at *2 (S.D.N.Y. Feb. 20, 2020) (citation omitted).

A motion to stay discovery in this context should be "supported by 'substantial arguments for dismissal.'" *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). However, the Court need not make a "finding as to whether [the dismissal] arguments will ultimately succeed or fail[.]" *Negrete v. Citi Bank, N.A.*, 2015 U.S. Dist. LEXIS 163773, at *3 (S.D.N.Y. Dec. 7, 2015) (holding that "Defendant's motion to dismiss is sufficient to support a stay because it is potentially dispositive, and appears to be not unfounded in the law"). In this case, "good cause" exists for entry of a stay of discovery until the Court has decided Defendant's pending motion to dismiss.

1. **Defendant Has Raised Substantial Arguments for Dismissal.**

In the motion to dismiss, Defendant argues that the Amended Complaint should be dismissed because (i) the NYLL does not apply extraterritorially for work performed outside of New York and Plaintiff does not allege that any retaliatory acts occurred in New York, and (ii) Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing based on the alleged termination of his employment to avoid paying a discretionary bonus since no fixed amount was due to Plaintiff at the time of his termination, meaning that there was no restriction on Defendant's unfettered right to terminate Plaintiff's at-will employment at any time. These plainly constitute substantial arguments for dismissal. *See, e.g., Brandon*, 2024 U.S. Dist. LEXIS 232589, at *6 (granting motion to stay discovery, explaining that "we will not predict the outcome of the MTD, which is not before us, and conclude that [defendant] has satisfied the 'strength of the motion' factor by presenting at least a 'substantial argument[] for dismissal'") (citations omitted); *HAHA Global, Inc.*, 2020 U.S. Dist. LEXIS 29637, at *2 (holding that because "Defendants 'have presented substantial arguments for dismissal of many, if not all, of the clams asserted in this lawsuit, a stay of discovery is appropriate'") (citations omitted).

2. **Discovery Would Impose Significant Burden.**

Discovery on Plaintiff's claims is likely to be burdensome and, if the claims are dismissed, unnecessary. In this regard, courts have recognized that "'proceeding with discovery



Hon. Margaret M. Garnett
April 16, 2025
Page Three

while the motion [to dismiss] is pending would waste the parties' resources and would constitute an undue burden on' Defendants." *HAHA Global, Inc.*, 2020 U.S. Dist. LEXIS 29637, at *3 (citations omitted); *see also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 U.S. Dist. LEXIS 78476, at *3 (holding that "granting a stay could avoid the need for costly and time-consuming discovery").

A stay of discovery is appropriate here because discovery would likely entail document requests, interrogatories and depositions relating to Plaintiff's employment with Defendant, his compensation, his alleged protected activity, the reasons for the termination of his employment and his efforts to mitigate damages. Such discovery, and the time and expense associated with such discovery, may be entirely unnecessary if Defendant's motion to dismiss is granted.

3.   **Plaintiff Will Not Be Unfairly Prejudiced.**

Plaintiff will not be unfairly prejudiced by an interim stay of discovery, which will be of limited duration. Notably, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *9 (S.D.N.Y. April 26, 2018).

The Amended Complaint was filed on March 4, 2025. The relatively early stage of the case, in which discovery has not yet commenced, further underscores the absence of any unfair prejudice to Plaintiff from the issuance of a stay. *See HAHA Global, Inc.*, 2020 U.S. Dist. LEXIS 29637, at *3 (finding that "staying discovery would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, 'any stay would last briefly'") (citations omitted); *see also Cohen v. Saraya USA, Inc.*, 2024 U.S. Dist. LEXIS 9406, at *9-*10 (E.D.N.Y. Jan. 18, 2024) (holding that plaintiff would not be unfairly prejudiced by a stay of discovery where the "case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken").

Further, there is only one defendant in this case. Granting Defendant's request for a stay will therefore not hinder the progress of discovery as a whole or risk divergent discovery schedules, inasmuch as no other defendant has been named in this action.

For these reasons, Defendant respectfully requests that the Court enter a stay of discovery in this action until its pending motion to dismiss has been decided.



Hon. Margaret M. Garnett
April 16, 2025
Page Four

Respectfully submitted,

**DLA Piper LLP (US)**

/s/ Daniel Turinsky

Daniel Turinsky
Partner

---

Application GRANTED. Having reviewed both parties' letters (Dkt. Nos. 19 & 20) and upon finding Defendant has shown good cause, it is hereby ORDERED that all discovery shall be STAYED pending the resolution of Defendant's motion to dismiss (Dkt. No. 14). All discovery dates and deadlines, including the Initial Pretrial Conference and the parties' joint letter and proposed Civil Case Management Plan, shall be ADJOURNED *sine die*. The Clerk of Court is respectfully directed to terminate Dkt. No. 19.

SO ORDERED. Date: 4/23/2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE