**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SCHAPIRA,<br><br>Plaintiff,<br><br>v.<br><br>NETBASE SOLUTIONS, INC. d/b/a QUID,<br><br>Defendant. | Civil Action No. 25-cv-01730 (MMG) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**DLA PIPER LLP (US)**
Daniel Turinsky
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500
Daniel.Turinsky@us.dlapiper.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ....1

ARGUMENT ....2

I. Plaintiff's NYLL Retaliation Claim Should Be Dismissed ....2

A. The Choice of Law Clause Does Not Save Plaintiff's Retaliation Claim ....2

B. The Broadened Scope of New York's Whistleblower Statute Does Not Support Plaintiff's Position ....5

C. This Is Not a "Unique Situation" in Which the NYLL Would Apply Extraterritorially ....5

II. Plaintiff's Breach of Contract Claim Should Be Dismissed ....6

III. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Should Be Dismissed ....8

CONCLUSION ....11

CERTIFICATE OF COMPLIANCE ....12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Doe v. French*,
458 F. App'x 21 (2d Cir. 2012) .......................................................................................7

*Drozd v. U.S.A. Concepts of N.Y. Corp.*,
2015 U.S. Dist. LEXIS 197825 (E.D.N.Y. Apr. 23, 2015) ....................................................6

*Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*,
2015 U.S. Dist. LEXIS 125961 (E.D.N.Y. Sept. 18, 2015).....................................................5

*House v. Wackenhut Sers., Inc.*,
2011 U.S. Dist. LEXIS 144883 (S.D.N.Y. Dec. 15, 2011) ....................................................8

*Internet Law Library, Inc. v. Southridge Cap. Mgmt., LLC*,
223 F. Supp. 2d 474 (S.D.N.Y. 2002).....................................................................................4

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*,
2009 U.S. Dist. LEXIS 9207 (S.D.N.Y. Feb. 9, 2009)........................................................10

*Lahoud v. Document Techs. LLC*,
2017 U.S. Dist. LEXIS 188162 (S.D.N.Y. Nov. 14, 2017)....................................................4

*Lee v. Delta Air Lines, Inc.*,
2024 U.S. Dist. LEXIS 134748 (S.D.N.Y. July 29, 2024) .....................................................5

*Meerovich v. Big Apple Inst. Inc.*,
2024 U.S. Dist. LEXIS 55352 (E.D.N.Y. Mar. 27, 2024)......................................................4

*Padula v. Lilarn Props. Corp.*,
84 N.Y.2d 519 (1994) .............................................................................................................5

*Rice v. Scudder Kemper Invs., Inc.*,
2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug. 13, 2003)......................................................4

*Señal v. Lynch*,
217 A.D.3d 466 (1st Dept. 2023)............................................................................................7

*Sobel v. Major Energy Servs., LLC*,
2020 U.S. Dist. LEXIS 137832 (S.D.N.Y. July 31, 2020) ...................................................10

*Matter of Thomas v. MasterCard Advisors, LLC*,
74 A.D.3d 464 (1st Dept. 2010)..............................................................................................8

*Travellers Int'l, A.G. v. Trans World Airlines, Inc.*,
41 F.3d 1570 (2d Cir. 1994)....................9, 10

*Turtur v. Rothschild Registry Int'l, Inc.*,
26 F.3d 304 (2d Cir. 1994)....................3

*Vetromile v. JPI Partners, LLC*,
706 F. Supp. 2d 442 (S.D.N.Y. 2010)....................11

*Yang v. Bank of N.Y. Mellon Corp.*,
2021 U.S. Dist. LEXIS 63951 (S.D.N.Y. Mar. 31, 2021) ....................7

*Yuille v. Uphold HQ Inc.*,
686 F. Supp. 3d 323 (S.D.N.Y. 2023)....................3

*Zhang v. Centene Mgmt. Co.*,
2023 U.S. Dist. LEXIS 68718 (E.D.N.Y. Feb. 2, 2023)....................2

**Statutes**

NYLL § 740....................2, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)....................1

Defendant NetBase Solutions, Inc. ("NetBase," "Defendant" or "Quid") respectfully submits this reply memorandum of law in support of its motion to dismiss the Second Amended Complaint ("SAC") (ECF No. 24) of Plaintiff Daniel Schapira ("Plaintiff" or "Schapira") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Nothing in Plaintiff's opposition to Defendant's motion to dismiss changes the fact that Plaintiff was employed on an at-will basis and thus could be terminated at any time for any reason, with or without cause or notice. Indeed, Plaintiff does not dispute that his Offer of Employment (the "Offer Letter") (ECF No. 16-1) expressly and unambiguously states that although he was "expected to abide by the Company's rules and standards," the "Company is free to conclude its employment relationship with you at any time, with or without cause, and with or without prior notice," and that his "at-will employment provision may not be modified or amended except by a written agreement signed by the Chief Executive Officer or President of the Company and you." The Offer Letter also indisputably states that Plaintiff was only "eligible to earn an annual ***discretionary*** performance bonus contingent upon personal and Company performance in the immediately prior fiscal year." (ECF No. 16-1 (emphasis added)). Moreover, the additional at-will disclaimers contained in Quid's Employee Handbook make clear that "[n]either this handbook nor any other verbal or written communication by a management representative is, nor should it be considered to be, an agreement, contract of employment, express or implied, or a promise of treatment in any particular manner in any given situation, nor does it confer any contractual rights whatsoever." (ECF No. 26-1, at p. 1).

Despite the clear and unambiguous disclaimers contained in the Offer Letter and Employee Handbook which reaffirm the at-will nature of Plaintiff's employment and the absence

of any entitlement to a bonus, Plaintiff asks the Court to simply disregard that language to save his breach of implied covenant of good faith and fair dealing and breach of contract claims. That is not something the Court should do. Based on well-settled legal precedent, Plaintiff's claims for breach of the implied covenant of good fair dealing and breach of contract should properly be dismissed.

As for the retaliation claim under Section 740 of the New York Labor Law ("NYLL"), Plaintiff concedes that no protected activity or retaliatory acts occurred in New York. Nevertheless, he asks this Court to disregard the overwhelming weight of authority which holds that the NYLL does not apply extraterritorially, purportedly because of a New York choice of law clause in the Offer Letter. No binding authority supports Plaintiff's position, which is inconsistent with the purpose and intent of NYLL, which is designed to protect workers laboring in New York.

Accordingly, for the reasons set forth herein and in Defendant's moving memorandum of law and supplemental motion, Plaintiff's SAC should be dismissed in its entirety with prejudice.

## ARGUMENT

### I. Plaintiff's NYLL Retaliation Claim Should Be Dismissed

Plaintiff's statutory retaliation claim should be dismissed because the NYLL does not apply extraterritorially, and Plaintiff concedes that no retaliatory acts occurred in New York.

#### A. The Choice of Law Clause Does Not Save Plaintiff's Retaliation Claim

The NYLL "is designed to protect the rights of New York State workers." *Zhang v. Centene Mgmt. Co.*, 2023 U.S. Dist. LEXIS 68718, at *30 (E.D.N.Y. Feb. 2, 2023). Here, there is no dispute that Plaintiff was not a New York State worker. Instead, Plaintiff relies on a New York choice of law clause in the Offer Letter to argue that his statutory retaliation claim under NYLL § 740 should survive dismissal even though the NYLL does not apply extraterritorially,

and no protected activity or retaliatory acts occurred in New York. Plaintiff is mistaken, as none of the authorities cited in the opposition supports his position.

In *Yuille v. Uphold HQ Inc.*, 686 F. Supp. 3d 323 (S.D.N.Y. 2023), the plaintiff, a resident of Michigan, claimed, among other things, that the defendant, a cryptocurrency exchange, violated a Michigan consumer protection statute by failing to properly safeguard the plaintiff's funds. In evaluating the defendant's motion to dismiss, the Court considered whether a choice of law clause which provided that New York law would govern "any claim or dispute between you and us" encompassed the statutory claim. In finding that it did not, the Court explained that although a broadly worded choice of law clause would apply to tort and fraud claims, there was "no binding authority addressing the question whether such a clause would prohibit the consumer from bringing a claim under a consumer protection statute" and denied the defendant's motion to dismiss. *Yuille*, 686 F. Supp. 3d at 356 n.18.

Here, like in *Yuille*, there is no binding authority which holds that the New York choice of law clause in the Offer Letter requires the Court to disregard the overwhelming weight of authority which holds that the NYLL does not apply extraterritorially where the claim is premised on alleged retaliatory acts which occurred outside New York. Indeed, the cases relied upon by Plaintiff are inapposite, easily distinguishable and do not support his position. Specifically:

- In *Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 309-10 (2d Cir. 1994), the Second Circuit addressed a "claim of common law fraud," not a statutory cause of action, in holding that a New York choice of law provision was

"sufficiently broad to cover tort claims as well as contract claims."[1]

- In *Meerovich v. Big Apple Inst. Inc.*, 2024 U.S. Dist. LEXIS 55352 (E.D.N.Y. Mar. 27, 2024), the court found that a forum selection clause which required disputes to be brought in New York State Supreme Court, Kings County, was valid and enforceable. It has no relevance to the present matter, where the Offer Letter does not contain a forum selection clause and there is no dispute regarding the venue for Plaintiff's claims.[2]
- In *Rice v. Scudder Kemper Invs., Inc.*, 2003 U.S. Dist. LEXIS 14239, at *12-15 (S.D.N.Y. Aug. 13, 2003), the court rejected the plaintiff's argument that a New York choice of law clause required the plaintiff to be considered a resident of New York for his statutory New York State Human Rights Law ("NYHRL") claim, and found that "[e]ven if plaintiff's choice-of-law analysis were correct, it would not vitiate the NYHRL's jurisdictional prerequisites" because "[i]t is well established that NYHRL applies extraterritorially only to New York residents; nonresidents are not covered, even if those nonresidents are discriminated against by a resident of New York outside of New York." Accordingly, the court dismissed the plaintiff's NYHRL claims because the plaintiff failed to allege that he was discriminated against in New York.

In this case, the choice of law clause in the Offer Letter does not encompass Plaintiff's statutory retaliation claim under the NYLL, because the statute was expressly designed to protect

[1] The court's decision in *Internet Law Library, Inc. v. Southridge Cap. Mgmt., LLC*, 223 F. Supp. 2d 474, 489 (S.D.N.Y. 2002) similarly involved a claim for fraud, and is thus not applicable to the present matter involving a statutory retaliation claim under the NYLL.

[2] Plaintiff's reliance on *Lahoud v. Document Techs. LLC*, 2017 U.S. Dist. LEXIS 188162 (S.D.N.Y. Nov. 14, 2017) is similarly misplaced. In that case, the court found that a Georgia forum selection clause was enforceable and dismissed the case for improper venue. It is irrelevant to the issues in dispute here concerning the application of a contractual choice of law clause to a statutory cause of action.

workers performing services in New York, and Plaintiff does not fit within that category since no protected activity or retaliatory acts occurred in New York. Accordingly, the retaliation claim should be dismissed.

### B. <u>The Broadened Scope of New York's Whistleblower Statute Does Not Support Plaintiff's Position</u>

NYLL § 740 was broadened in 2022 to, among other things, eliminate the requirement that the conduct complained about poses a threat to public safety. *See Lee v. Delta Air Lines, Inc.*, 2024 U.S. Dist. LEXIS 134748, at *69 n.22 (S.D.N.Y. July 29, 2024). Plaintiff claims that this amendment somehow supports his position. It does not, since the amendment at issue has no connection whatsoever to the extraterritorial application of the NYLL, and instead simply broadens the scope of the retaliation statute as applied to acts that occurred in New York.

### C. <u>This Is Not a "Unique Situation" in Which the NYLL Would Apply Extraterritorially</u>

Plaintiff claims that the NYLL can apply extraterritorially in certain circumstances, including based on the "unique" circumstances at issue here. There is no support for that position. For example, in *Padula v. Lilarn Props. Corp.*, 84 N.Y.2d 519, 521-22 (1994), a case relied upon Plaintiff, the Court of Appeals rejected the plaintiff's contention that New York law should apply to a dispute where the relevant conduct occurred in Massachusetts. Similarly, in *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.*, 2015 U.S. Dist. LEXIS 125961, at *25 (E.D.N.Y. Sept. 18, 2015), the court evaluated whether "the NYLL embrace[s] work done by a New York-based employee of a New York company who begins and ends his workday in New York but spends a substantial part of his workday transporting goods to out-of-state buyers." That case is not comparable to the present situation where Plaintiff concedes that he worked remotely outside of New York and that none of the alleged retaliatory acts occurred in New

York.[3]

In this case, the fact that Plaintiff admittedly worked remotely outside of New York, or that Company policy permitted such work, does nothing to support his position and plainly does not constitute a "unique" circumstance which would warrant disregarding applicable law regarding the extraterritorial effect of the NYLL.

## II. Plaintiff's Breach of Contract Claim Should Be Dismissed

Plaintiff alleges that although he was an at-will employee who could be terminated at any time, with or without cause or notice, his breach of contract claim is sufficient because there was supposedly a binding promise in the Company's Code of Conduct not to terminate his employment in retaliation for making an internal complaint. As a matter of law, Plaintiff is incorrect, and his breach of contract claim should be dismissed, because the Code of Conduct specifically directs employees to read the Employee Handbook, which contains clear and unequivocal at-will disclaimers that would dissuade any employee from believing that they could not be discharged for making reports.

The first page of the Company's Code of Conduct makes clear that employees "should be sure to read both this Code of Conduct and any . . . employee handbooks, agreements or policies." (ECF No. 26-2, at p. 1). The Employee Handbook, in turn, contains several clear and unequivocal at-will disclaimers, including a section entitled "Workplace Conduct" which specifically references the Code of Conduct:

> Quid endeavors to maintain a positive work environment. Each employee plays a role in fostering this environment. Accordingly, we all must abide by certain rules of conduct, based on honesty, common sense and fair play. ***More detail on these rules of conduct***

[3] Plaintiff's reliance on *Drozd v. U.S.A. Concepts of N.Y. Corp.*, 2015 U.S. Dist. LEXIS 197825 (E.D.N.Y. Apr. 23, 2015), is also misplaced. In fact, in that case, the court found that "the NYLL does not apply to work performed outside of New York, even where all the parties are New York employees," and that "plaintiffs are not entitled to damages under the NYLL for hours worked in New Jersey." *Drozd*, 2015 U.S. Dist. LEXIS 197825, at *32.

> ***is set forth in the Company's Code of Conduct and Business Ethics.***
>
> ***Note that all employees are employed at-will***, and Quid reserves the right to impose whatever discipline it chooses, or none at all, in a particular instance.
>
> The Company will deal with each situation individually and nothing in this handbook should be construed as a promise of specific treatment in a given situation. However, Quid will endeavor to utilize progressive discipline ***but reserves the right in its sole discretion to terminate the employee at any time for any reason***.

(ECF No. 26-1, at p. 15 (emphasis added)).

Judge Nathan's decision in *Yang v. Bank of N.Y. Mellon Corp.*, 2021 U.S. Dist. LEXIS 63951 (S.D.N.Y. Mar. 31, 2021), is instructive. In that case, the court found that the plaintiff could not state a claim for breach of contract under the company's code of conduct, and that "under New York law the Code did not create an express, written limitation on Defendants' right to terminate their at-will employees," because "the Code contains other language that would dissuade an employee from believing that Defendants were unable to discharge employees for making reports," which "cuts strongly against a determination that the Code creates contractual duties for Defendants." *Yang*, 2021 U.S. Dist. LEXIS 63951, at *25-26.

Numerous federal and state courts in New York have held repeatedly that an express at-will disclaimer in a handbook or personnel manual defeats any possible claim for breach of contract based on purported violations of employer policies. *See, e.g.*, *Señal v. Lynch*, 217 A.D.3d 466, 468 (1st Dept. 2023) (holding that "Plaintiff's breach of contract claim, which alleges that defendants violated certain provisions in the employee handbook should have been dismissed" because the "handbook expressly disclaimed any contractual relationship or contractual rights and stated that employees are 'at will' and may be terminated for any reason or no reason"); *Doe v. French*, 458 F. App'x 21, 23 (2d Cir. 2012) (holding that because the

employee "handbook contained an explicit disclaimer that it did not constitute an employment contract, [the plaintiff] cannot maintain an explicit breach of contract action"); *House v. Wackenhut Sers., Inc.*, 2011 U.S. Dist. LEXIS 144883, at *11 (S.D.N.Y. Dec. 15, 2011) (granting motion to dismiss because at will disclaimer in employee handbook "precludes any breach of contract claim"); *Matter of Thomas v. MasterCard Advisors, LLC*, 74 A.D.3d 464, 465 (1st Dept. 2010) (holding that "it is clear that petitioner does not have a viable claim against respondents for wrongful termination in violation of its standards contained in the employee handbook" and could not "create a contractual obligation upon his employer not to exercise its otherwise unfettered right to terminate, at any time, an at-will employee with or without cause").

In this case, as in the above-cited cases, the Code of Conduct and Employee Handbook did not create an express limitation on Defendant's right to terminate Plaintiff's employment. On the contrary, the Employee Handbook, which expressly incorporates the Code of Conduct, explicitly states that all employees are employed on an at-will basis and could be terminated at any time. Accordingly, Plaintiff's breach of contract claim should be dismissed.

## III. <u>Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Should Be Dismissed</u>

Plaintiff's assertion that Defendant breached an implied covenant of good faith and fair dealing is unsupported by the plain terms of the Offer Letter and disregards controlling precedent. This silence on the Offer Letter's dispositive language and relevant case law is deafening, and Plaintiff's attempt to rely on cases that are inapposite to this matter is misleading and meritless.

First, Plaintiff was an at-will employee who had no entitlement to a bonus. Explicitly, Plaintiff's Offer Letter stated "you will be ***eligible*** to earn an annual ***discretionary*** performance bonus contingent upon personal and Company performance in the immediately prior fiscal year" and to earn an annual performance bonus, "(i) the Company and ***you must achieve applicable***

***performance metrics, to be established and determined by the Company in its sole discretion***, and (ii) you must remain employed by the Company on the date that the bonus is paid (which will be no later than March 15th of the fiscal year following the fiscal year to which the bonus pertains)." (ECF No. 16-1 (emphasis added)).

Second, in the at-will employment context, New York law is clear that the implied covenant of good faith and fair dealing does not restrict an employer's right to terminate an at-will employee, nor does it create an entitlement to discretionary compensation such as a bonus, unless the compensation is earned, vested, or contractually guaranteed. The cases cited in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (*e.g.*, *Mirabella*, *Plantier*, *Houlahan*, and *Graves*) consistently hold that where a bonus is discretionary and the employment is at-will, an employee cannot state a claim for breach of the implied covenant based on termination to avoid paying a bonus, as no fixed amount is due and the employer retains unfettered discretion to terminate.[4]

Taken together, the Offer Letter's explicit language and case law foreclose Plaintiff's claim as a matter of law. Plaintiff's attempt to recast a discretionary, unearned bonus as a contractual right disregards well-established precedent and should be rejected outright. Moreover, the cases relied upon by Plaintiff are misplaced and the stark differences between those authorities and the present matter underscore just how far Plaintiff must stretch to manufacture support for claims that find no basis in either fact or law. Specifically:

- In *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570 (2d Cir. 1994), the parties were bound by a joint venture agreement that imposed specific, mutual obligations, including a minimum customer target and a requirement for the defendant to consult with

[4] *See* ECF No. 15, pp. 8-9.

plaintiff and act in good faith regarding promotional efforts. The court found that defendant's discretion to reduce promotional activities was not a good faith business judgment but was instead motivated by a desire to eliminate plaintiff as a middleman and bring that specific business in house. *Id.* at 1577. The case related to "discretionary promotional contracts" and not discretionary bonuses and has no relevance to the present dispute.

- In *Sobel v. Major Energy Servs., LLC*, 2020 U.S. Dist. LEXIS 137832, at *27 (S.D.N.Y. July 31, 2020), the plaintiff's implied covenant claim survived dismissal because the plaintiff was allegedly told that he earned and would be paid a discretionary bonus, such that the company's arbitrary reversal of that decision was arguably taken in bad faith. No such factual allegations are present here. On the contrary, Plaintiff merely alleges that his supervisor made a general statement that bonuses would be paid in March (SAC, ¶¶ 75-76), which is consistent with the Offer Letter which states that bonuses will be paid "no later than March 15th of the fiscal year following the fiscal year to which the bonus pertains." (ECF No. 16-1). That alleged statement cannot plausibly be construed as a guarantee to Plaintiff that he had earned a bonus or that any bonus would be paid to him.
- In *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, 2009 U.S. Dist. LEXIS 9207 (S.D.N.Y. Feb. 9, 2009), the plaintiff alleged that the defendant breached certain agreements by recruiting plaintiff's employees to work for a competitor. *Id.* at *1. The case has nothing to do with the purported failure to pay a bonus to an at-will employee and has no relevance to the present dispute. Moreover, the court repeatedly stressed that the duty of good faith and fair dealing "cannot be used to create independent obligations beyond those agreed upon and stated in the express language of the contracts." *Id.* at *15 (citations and quotation

marks omitted). Here, the Offer Letter states that Plaintiff's eligibility for a bonus was "discretionary."

- Finally, in *Vetromile v. JPI Partners, LLC*, 706 F. Supp. 2d 442 (S.D.N.Y. 2010), "Defendant's counsel all but abandoned the claim that the bonus was discretionary and suggested that if Plaintiff had been employed to the year's end, the bonus would constitute earned wages." *Id.* at 449-450. The court explained that even if the bonus was discretionary, there was a material dispute of fact "as to whether the Defendant exercised its discretion to deny Plaintiff the bonus in good faith" when it terminated his employment for "cultural reasons." *Id.* at 450 n.2. Moreover, the court made clear that if the bonus was contingent on employment through year's end, the plaintiff would have no claim. Here, there is no plausible basis to allege that Quid's decision to not award a discretionary bonus was made in bad faith, and the Offer Letter states that "you must remain employed by the Company on the date the bonus is paid," which is a condition Plaintiff did not meet.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Second Amended Complaint be dismissed in its entirety.

Dated: June 2, 2025

Respectfully submitted,

**DLA PIPER LLP (US)**

By: */s/ Daniel Turinsky*
Daniel Turinsky
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel: (212) 335-4500
Daniel.Turinsky@us.dlapiper.com

*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Civil Rule 7.1, I hereby certify that the attached memorandum of law, exclusive of its caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, contains 3,391 words, according to the word-processing system at DLA Piper LLP (US), upon which said memorandum of law was prepared.

Dated: June 2, 2025

**DLA PIPER LLP (US)**

By: */s/ Daniel Turinsky*

Daniel Turinsky
1251 Avenue of the Americas, 27th Floor
New York, New York 10020
Tel: (212) 335-4500
Daniel.Turinsky@us.dlapiper.com

*Attorneys for Defendant*